USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/3/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

GEORGE GRAHAM,

Defendant.

No. 17-CR-663 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On May 1, 2019, the Court sentenced Defendant George Graham, who had plead guilty to conspiracy to commit access device fraud and related crimes, to imprisonment for one year and one day. After a hearing in July, the Court revoked Mr. Graham's bail and remanded him to custody. Mr. Graham voluntarily surrendered on August 1. He has since filed an appeal to the Court of Appeals for the Second Circuit on the ground that his sentence is substantively unreasonable. Now before the Court is Mr. Graham's motion seeking release on bail pending the resolution of that appeal. Although Mr. Graham is scheduled to be released on April 22, 2020, he argues that "he is likely to be transferred to ICE custody at that time," where he will "remain . . . until his deportation." Def.'s Ltr. He, therefore, requests that the Court order his release pending his appeal in order to spend time with his family before his likely deportation. The Government opposes Mr. Graham's request.

18 U.S.C. § 3143(b) provides that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained." Therefore, once a defendant is sentenced, the "presumption" as to whether that defendant should be detained turns "in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("[T]he Bail Reform Act of 1984[] creates no general expectation of

post-verdict liberty."). This presumption may be rebutted "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b); *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (defining a "substantial question" under § 1343(b)(B) as "a close question," "fairly debatable," or "one that very well could be decided the other way").

Mr. Graham argues for his release, pursuant to § 3143(b), claiming he is neither a flight risk nor a danger to the community. And although he does not explicitly argue that he has raised a "substantial question" on appeal, he states that he is "hopeful that the Second Circuit will reduce his sentence" because of his extensive cooperation with law enforcement and the fact that the Probation Office recommended a shorter sentence than what he ultimately received. Def.'s Ltr.

Mr. Graham has not sufficiently demonstrated that his appeal "raises a substantial question of law or fact." 18 U.S.C § 3143(b)(B). The only question before the Second Circuit is whether Mr. Graham's sentence is substantively unreasonable. This, however, can hardly be described as "a close question" or "fairly debatable." *Randell*, 761 F.2d at 125. Although Mr. Graham's Guidelines range was 41-to-51 months imprisonment, he was sentenced to only 12 months and one day. "[O]n direct appeal[,] [the Circuit] recognize[s] that, in the absence of procedural error, within-Guidelines sentences will rarely be unreasonable." *United States v. Hoskins*, 905 F.3d 97, 104-05 (2d Cir. 2018).

Moreover, in determining Mr. Graham's sentence, the Court already considered his primary argument on appeal for a reduced sentence – that is, that he cooperated extensively with law enforcement after his arrest. The Court gave Mr. Graham "a significant benefit [for] his cooperation," granting the Government's motion to sentence him in light of the factors set forth in § 5K1.1 of the Guidelines. Tr. 21:21-23 (Dkt. 39). In addition to his cooperation, the Court also considered that Mr. Graham might be deported and thus have to spend additional time in ICE custody. After weighing these factors, among others, with the significant time period – nearly ten years – during which Mr. Graham engaged in his crimes, the Court concluded that a below-Guidelines sentence of one year and one day in prison was appropriate.

That the sentence was not quite as low as Mr. Graham sought does not create a "substantial question of law or fact" on appeal that is likely to result in a reduced sentence. 18 U.S.C. § 3143(b)(B); *see also United States v. Spoor*, 904 F.3d 141, 156 ("[W]e will reverse the district court's decision only if the sentence imposed amounts to a 'manifest injustice or shock[s] the conscience.'" (citation omitted)). The Second Circuit uses "a particularly deferential form of abuse-of-discretion review" in these instances. *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). Here, not only did Mr. Graham receive a sentence well below the Guidelines range, but the Court placed significant reliance on Mr. Graham's cooperation in sentencing him. As such, Mr. Graham has not met his burden of persuasion under § 3143(b), and his request for release pending his appeal is denied.

SO ORDERED.

Date: December 3, 2019
New York, NY

Ronnie Abrams
United States District Judge

3