UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GEORGE GRAHAM,<br><br>Defendant. | No. 17-cr-663 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Before the Court is the Government's motion to apply Defendant George Graham's bond to partially satisfy his outstanding restitution obligation. *See* Dkt. No. 65. No later than July 22, 2025, Mr. Graham shall submit a letter to the Clerk of Court, 500 Pearl Street, New York, NY 10007, that states whether he is amenable to having counsel appointed to prepare his opposition to the Government's motion. If he is, he shall also fill out the Financial Affidavit attached to this order and include it with his letter.

The Court also notes that Mr. Graham has sent multiple emails to the chambers email address. The Court does not accept submissions by email. *See* Individual Criminal Rule 3 (requiring written communications to be filed on ECF and permitting emails only for sealed information). Mr. Graham shall submit all future correspondence by mail to the Clerk of Court, 500 Pearl Street, New York, NY 10007. To the extent counsel is appointed for Mr. Graham, his counsel will be able to make submissions on ECF.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Graham at 4140 Carpenter Ave, Apartment 2D, Bronx, NY 10466.

SO ORDERED.

Dated:  July 1, 2025
        New York, New York

                                              Ronnie Abrams
                                              United States District Judge

**IN THE UNITED STATES** ☐ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify Below)*

IN THE CASE OF
_____ V. _____

FOR _____
AT _____

LOCATION NUMBER

PERSON REPRESENTED *(Show your full name)*
_____

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)* _____

DOCKET NUMBERS
Magistrate Judge

District Court

Court of Appeals

CHARGE/OFFENSE *(Describe if applicable & check box→)*   ☐ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
Do you have a job? ☐ Yes ☐ No
**IF YES,** how much do you earn per month? _____ Will you still have a job after this arrest? ☐ Yes ☐ No ☐ Unknown

**PROPERTY**
Do you own any of the following, and if so, what is it worth?

|  | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $_____ | _____ |
| Car/Truck/Vehicle | $_____ | _____ |
| Boat | $_____ | _____ |
| Stocks/bonds | $_____ | _____ |
| Other property | $_____ | _____ |

**CASH & BANK ACCOUNTS**
Do you have any cash, or money in savings or checking accounts? ☐ Yes ☐ No **IF YES,** give the total approximate amount after monthly expenses $_____

**OBLIGATIONS, EXPENSES, & DEBTS**

How many people do you financially support? _____

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $_____ | $_____ |
| Groceries | $_____ | $_____ |
| Medical expenses | $_____ | $_____ |
| Utilities | $_____ | $_____ |
| Credit Cards | $_____ | $_____ |
| Car/Truck/Vehicle | $_____ | $_____ |
| Childcare | $_____ | $_____ |
| Child Support | $_____ | $_____ |
| Insurance | $_____ | $_____ |
| Loans | $_____ | $_____ |
| Fines | $_____ | $_____ |
| Other | $_____ | $_____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____   _____
SIGNATURE OF DEFENDANT (OR PERSON SEEKING REPRESENTATION)   Date

☐ APPROVED   ☐ DENIED

_____
FD/CJA/RET. ATTORNEY                        (PRINT)

_____   _____
ASSISTANT UNITED STATES ATTORNEY     (PRINT)   SIGNATURE OF JUDICIAL OFFICER   DATE

## Instructions for CJA Form 23 Financial Affidavit

In every type of proceeding where appointment of counsel is authorized under 18 U.S.C. § 3006A(a) and related statutes, the United States magistrate judge or the court shall advise the person of their right to be represented by counsel and that counsel will be appointed if the person is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent the individual.

Determination of eligibility for representation under the CJA is a judicial function, however the court may designate court employees to obtain or verify the facts relevant to the financial eligibility determination. Employees of law enforcement agencies, including the United States Attorney's Office, should <u>not</u> participate in the completion of the financial affidavit or seek to obtain information concerning financial eligibility from a person requesting the appointment of counsel. When practicable, employees of the federal public defender office should discuss with the person who indicates that he or she is not financially able to secure representation the right to appointed counsel and, if appointment of counsel seems likely, assist in completion of the financial affidavit.

Counsel must be appointed if the person seeking representation is "financially unable to obtain counsel." 18 U.S.C. §3006A(b). (While courts often use "indigency" as a shorthand expression to describe financial eligibility, indigency is not the standard for appointing counsel under the Criminal Justice Act.) In determining whether a person is "financially unable to obtain counsel," consideration should be given to the cost of providing the person and his or her dependents with the necessities of life, the cost of securing pretrial release, asset encumbrance, and the likely cost of retained counsel. The initial determination of eligibility must be made without regard to the financial ability of the person's family to retain counsel, unless their family indicates willingness and ability to do so promptly. Any doubts about a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time. For additional guidance, see the *Guide to Judiciary Policy*, Volume 7A, Guidelines for Administering the CJA and Related Statutes (*CJA Guidelines*).

The CJA Form 23 is not a required statutory form. It is an administrative tool used to assist the court in appointing counsel. When a colorable claim is asserted that disclosure to the government of a completed CJA 23 would be self-incriminating, the

court may not adopt an unconditional requirement that the defendant complete the CJA 23 before his application for appointment of counsel will be considered. To do so may place the defendant in the constitutionally untenable position of having to choose between his Sixth Amendment right to counsel and his Fifth Amendment privilege against self-incrimination. Two approaches that courts have taken to resolve these competing concerns are: (i) through *in camera* examination of the financial affidavit, which then would be sealed and not be made available for the purpose of prosecution, or (ii) through an adversarial hearing on the defendant's request for appointment of counsel, during which the court would grant use immunity to the defendant's testimony at the hearing.

Pursuant to Judicial Conference policy, financial affidavits seeking the appointment of counsel should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access. If the financial affidavit is docketed it should be filed under seal. See, *Guide to Judiciary Policy,* Vol. 10, §340, Judicial Conference Policy on Privacy and Public Access to Electronic Case Files (March 2008) and Administrative Office of U.S. Courts Information Bulletin on Revised Judicial Conference Privacy Policy (May 2008).

For questions on the use of this form or instructions, please contact the Defender Services Office, Legal and Policy Division at 202-502-3030.