UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

v.

GEORGE GRAHAM,

　　　　　　Defendant.

No. 17-cr-663 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On August 25, 2025, the Government requested a one-week extension of the deadline to file its reply in the bond funds dispute pending before this Court. *See* Dkt. No. 80. Its letter explained that it was seeking the short extension due to the responsible attorney's travel plans, and further stated that Mr. Graham's counsel had consented to the request. *See id.* at 1.

The next day, defense counsel file a letter stating that Mr. Graham was objecting to the extension request. *See* Dkt. No. 81 at 1. The letter also acknowledged that counsel had not spoken to Mr. Graham before consenting to the extension, and explained that she had done so because the requested deadline would fit better with her own schedule.

As a threshold matter, Mr. Graham's counsel did nothing improper when she consented to an extension request without first speaking with him. While attorneys have an ethical obligation to consult with clients before making "important decisions," they are free to "manage most aspects of the defense without obtaining [the] client's approval," as the Supreme Court has made clear. *Florida v. Nixon*, 543 U.S. 175, 187 (2004). For instance, counsel must consult with a client before deciding "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Id.* (internal quotation marks omitted). By contrast, attorneys need not seek client approval before requesting or consenting to routine scheduling matters. *See United States v. Lynch*, 726 F.3d 346,

356 (2d Cir. 2013) ("A defendant's lawyer may seek a continuance . . . without first securing the defendant's personal consent." (alterations and internal quotation marks omitted)); *see also Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-cv-451, 2016 WL 3444226, at *3 (W.D.N.Y. June 23, 2016) ("Generally, attorneys, as agents of their clients have authority to attend to routine litigation matters such as adjournments and accommodations with opposing counsel without prior approval of a client."). In other words, it is common practice for attorneys to consent to adjournment requests from opposing counsel without asking for client approval, as Mr. Graham's counsel did here.

In any event, this Court routinely grants short extensions like the one requested here, particularly when it is the party's first request. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions even in the absence of good cause."). Nor would the requested one-week extension unreasonably slow down resolution of this matter, or unduly prejudice Mr. Graham. Indeed, had he or his counsel objected in the first instance, the Court still would have granted the Government the extension it requested.

Accordingly, the Government's application to extend the deadline for its reply until September 5, 2025 is granted.

SO ORDERED.

Dated:     August 27, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge